IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1)   ROCHELLE QUILLMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-768-M |
| | ) | |
| (1)   STATE OF OKLAHOMA, ex rel., THE OKLAHOMA INDIGENT DEFENSE SYSTEM, a statutory state agency, | ) ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Rochelle Quillman ("Plaintiff"), for her causes of action against Defendant State of Oklahoma, ex rel., the Oklahoma Indigent Defense System ("Defendant"), alleges and states:

### The Parties

1. At all relevant times, Plaintiff was and now is a resident of the City of Moore, Oklahoma County, State of Oklahoma.

2. At all relevant times, Defendant was and now is a statutory agency of the State of Oklahoma, operating in multiple counties within the State, including Cleveland County.

## Jurisdiction and Venue

3. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §§ 1331, 42 U.S.C. §2000e, et seq., 29 U.S.C. § 2617, and 28 U.S.C. § 1367.

4. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b).

## Fact Allegations

5. Plaintiff began her employment with Defendant in January 2014 as the Chief Finance Officer.

6. Defendant provides trial, appellate and post-conviction criminal defense services to persons who have been judicially determined to be entitled to legal counsel at State expense.

7. Plaintiff was the only African American female who was in an upper-level executive position at the central office, and possibly the entire agency. She had been bullied, harassed, and discriminated against for most of the time she has been employed.

8. Specifically, Plaintiff's supervisor was Angie Cole ("Cole"), the Chief Administrative Officer. Cole would constantly criticize Plaintiff on issues that were not substantial, but were raised simply to make Plaintiff look bad. Additionally,

there were times where she would raise these issues to others without giving Plaintiff the opportunity to respond or improve, and she failed to do a Performance Evaluation for Plaintiff since 2014, even though she performed evaluations for other employees who were under her supervision.

9. Cole would yell at and berate Plaintiff and threaten Plaintiff's position. There were several meetings in which Plaintiff was publicly embarrassed and humiliated. Plaintiff was treated differently than other chiefs within Defendant's employment, in that Defendant provided and supplied to them what they needed to perform their jobs and gave them the freedom to manage their divisions as they saw fit.

10. Specifically, in June 2016, Cole used a Finance Meeting to humiliate Plaintiff in front of other colleagues that the Plaintiff supervised, and no other Caucasian employees were treated this way in front of other employees.

11. In August 2016, Cole and Craig Sutter ("Sutter"), the Deputy Executive Director interrogated Plaintiff about budget information when Plaintiff did everything she was supposed to do according to Defendant's practices. She was also criticized for poor communication when it was Cole who constantly failed to respond to Plaintiff's efforts at communication.

12. Moreover, Plaintiff was removed from the process of hiring a position that Plaintiff would be supervising. Plaintiff complained about the unfair treatment she was receiving, but nothing improved.

13. Plaintiff started seeing a medical professional and therapist because of the way she was treated on the job and due to the stress caused by that treatment. Prior to the start of the treatment, Cole was notified of recurring appointments and anytime that work would be missed. Plaintiff was taking time off work to attend appointments to deal with these medical issues, but she was not provided the opportunity to take FMLA leave. For almost a year, Cole failed to provide Plaintiff FMLA leave, even though Cole oversaw human resource management functions at the agency.

14. Over the final few months of Plaintiff's employment, Cole hinted several times, both verbally and through email, that Plaintiff was missing too much work, and made it difficult on Plaintiff to freely take leave to deal with her medical condition.

15. On August 15, 2016, Plaintiff requested leave to deal with major depression and stress and to attend medical appointments. When Plaintiff raised the use of FMLA leave, Cole provided paperwork to complete, but indicated that

Plaintiff would not qualify for it. She further advised Plaintiff against filing for that leave, and Plaintiff was terminated before she was even able to complete the paperwork.

16. On August 16, 2016, the Plaintiff was performing her normal job functions and processing accounting vouchers that had to be completed by a certain time during the normal course of business. Cole was out of the office, which occurred on a regular basis. Since Cole had documents in her office that needed to complete the processing of vouchers, Plaintiff asked the receptionist if anyone was available to get the documents out of Cole's office. The Plaintiff was informed that Cole would be contacted regarding when she was expected to be in. After a short amount of time, Cole stormed into the Plaintiff's office, slammed the door and proceeded to yell at Plaintiff and threatened Plaintiff with a "Final Warning." This conversation was heard by several employees in the surrounding offices and was a further opportunity to berate and embarrass Plaintiff.

17. On August 17,2016, Plaintiff wrote an official complaint letter to Joe Robertson, the Executive Director, detailing her treatment at the agency by Cole and Sutter and included a request to be moved from under Cole's supervision. The complaint letter was submitted per agency policy and emailed to Robertson

because the Plaintiff was afraid that the letter would not get to him directly. After the letter was submitted, Plaintiff did get any feedback before her termination several days later.

18. On August 22, 2016, Plaintiff was notified that she was terminated and no reason was given for the termination.

19. Plaintiff filed her Charge of Discrimination on February 10, 2017, and received a Dismissal and Notice of Rights letter on or around April 22, 2017.

<u>**FIRST CAUSE OF ACTION**</u>
<u>**DISCRIMINATION IN VIOLATION OF TITLE VII**</u>
<u>**OF THE 1964 CIVIL RIGHTS ACT, AS AMENDED**</u>

20. Plaintiff incorporates herein by reference paragraphs 1 through 19 as though set forth in full herein.

21. As set forth above, Plaintiff was treated differently than similarly-situated Caucasian employees throughout her employment with Defendant. She was berated and humiliated for performing the functions of her job and was constantly second-guessed and micromanaged when other similarly-situated Caucasian employees were treated properly.

22. Plaintiff's race was a significant factor in the decision to terminate her employment in violation of Title VII of the 1964 Civil Rights Act, as amended, 42

Case 5:17-cv-00768-SLP Document 1 Filed 07/18/17 Page 7 of 13

U.S.C. § 2000e et seq., in that she was treated less favorable than others not in Plaintiff's protected class.

23. Defendant's reason articulated for terminating Plaintiff was pretextual and a sham, and Defendant did not have a legitimate good faith reason to terminate Plaintiff.

24. As a direct result of Defendant's actions as herein alleged, Plaintiff was unlawfully terminated from her employment and she continues to suffer, economic loss, emotional distress and mental anguish, harm to her professional reputation, humiliation, embarrassment, and loss of enjoyment of life, all to her damage in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

(1)  That the Defendant be ordered to make Plaintiff whole by providing all the remedies and relief authorized by 42 U. S. C. § 2000e-5 (g);

(2)  That Defendant be ordered to pay Plaintiff compensatory damages pursuant to 42 U.S.C. § 1981a in an amount to be determined by the jury at the time of trial;

(3)  That Defendant be ordered to pay Plaintiff's costs including expert witness fees and a reasonable attorneys' fee pursuant to 42 U.S.C. § 2000e-5(k); and,

(4)  For such other and further Title VII make-whole relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION
## RETALIATION IN VIOLATION OF TITLE VII
## OF THE 1964 CIVIL RIGHTS ACT, AS AMENDED

25.     Plaintiff incorporates herein by reference paragraphs 1 through 24 as though set forth in full herein.

26.     Because of the different treatment Plaintiff experienced, she complained to Joe Robertson, the Executive Director.

27.     Plaintiff's complaints about race discrimination in the workplace was a significant factor in Defendant's decision to terminate his employment in violation of Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000e et seq.

28.     Defendant's articulated reason for terminating Plaintiff was pretextual and a sham, and Defendant did not have a legitimate good faith reason to terminate Plaintiff.

29.     As a direct result of Defendant's actions as herein alleged, Plaintiff was unlawfully terminated from her employment and she continues to suffer economic loss, emotional distress and mental anguish, harm to her professional reputation, humiliation, embarrassment, and loss of enjoyment of life, all to her damage in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

(1) That the Defendant be ordered to make Plaintiff whole by providing all the remedies and relief authorized by 42 U. S. C. § 2000e-5(g);

(2) That Defendant be ordered to pay Plaintiff compensatory damages pursuant to 42 U.S.C. § 1981a in an amount to be determined by the jury at the time of trial;

(3) That Defendant be ordered to pay Plaintiff's costs including expert witness fees and a reasonable attorneys' fee pursuant to 42 U.S.C. § 2000e-5(k); and,

(4) For such other and further Title VII make-whole relief as the Court deems just and proper.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

30. Plaintiff incorporates by reference Paragraphs 1 through 29 as though set forth in full herein.

31. The Family Medical Leave Act ("FMLA") entitles eligible employees of covered employers to take unpaid, job-protected leave for specified medical reasons with continuation of group health insurance coverage under the same terms and conditions as if the employee had not taken leave.

32. It also prohibits termination against those employees who utilize such leave for specified medical reasons.

33. Plaintiff is an eligible employee because she worked for a covered employer, worked 1,250 hours during the twelve (12) months prior to her termination, worked at a location where the employer has 50 or more employees within 75 miles, and worked for Defendant for twelve (12) months.

34. Defendant is an "employer" as defined by the FMLA because it is a state agency employer.

35. As an eligible employee, Plaintiff was entitled to twelve (12) workweeks of leave to care for his serious health condition.

36. Plaintiff requested use of FMLA leave as allowed by law and was discouraged from doing so. She was also treated differently than other employees who did not request such leave.

37. After requested FMLA leave, Plaintiff was terminated for no legitimate reason.

38. There is a causal connection between Plaintiff's termination and her need to engage in the protected rights to which she was entitled under the FMLA, and the violation of Plaintiff's rights was willful.

39. As a direct and proximate result of Plaintiff's discharge of employment, Plaintiff has suffered economic loss and liquidated damages, all in

a sum in excess of Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE, Plaintiff respectfully requests this Court to grant the following relief:

(1) Award Plaintiff damages against Defendant in an amount equal to any wages, salary, employment benefits, and other compensation denied or lost to plaintiff by reason of the violation of the statute, as well as an amount in liquidated damages as contemplated under the statute;

(2) Award Plaintiff interest on the amount of any wages, salary, employment benefits and other compensation denied or lost to Plaintiff by reason of the violation of the statute;

(3) Award Plaintiff such equitable relief as may be appropriate, including employment, reinstatement, and promotion;

(4) Award Plaintiff reasonable attorney's fees, reasonable expert witness fees, and other costs of this action;

(5) Grant Plaintiff such other and further relief as the Court deems appropriate under the circumstances.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE OKLAHOMA ANTI-DISCRIMINATION ACT -- DISABILITY

40. Plaintiff incorporates by reference Paragraphs 1 through 39 as though set forth in full herein.

41. This claim is brought and jurisdiction lies pursuant to Oklahoma's Discrimination in Employment statute, 25 O.S. § 1350. Plaintiff alleges

discrimination based on disability, and has filed a charge of discrimination in employment with the EEOC within one hundred eighty (180) days from her termination.

42. Plaintiff was a qualified individual with a disability in that she had depression and anxiety. Defendant knew about Plaintiff's disability at the time of her termination.

43. Plaintiff could perform the essential functions of her job and only requested the ability to take some time off to attend doctor's appointments.

44. Plaintiff, with reasonable accommodation, did and could perform the essential functions of her.

45. Plaintiff's disability, depression/anxiety, was improperly a motivating factor in Defendant's decision to terminate her employment.

46. Moreover, Defendant failed and refused to provide any reasonable accommodations for Plaintiff to allow her to perform the duties of his job without terminating her employment.

47. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has sustained economic loss including past and future compensation, and other economic benefits. She has also sustained liquidated damages in the form

of emotional distress, mental anxiety, embarrassment, humiliation, and loss of enjoyment of life, all to her detriment and damage in amounts in excess of $75,000.00.

WHEREFORE, Plaintiff demands judgment against Defendant:

(1) That judgment be entered declaring that Plaintiff was unlawfully discriminated against by Defendant in violation of the Oklahoma Discrimination in Employment Act.

(2) That Defendant be ordered to make Plaintiff whole by providing back pay and an additional amount as liquidated damages as allowed by statute;

(3) That Plaintiff be awarded her costs and expenses of this litigation including reasonable attorney's fees and expert witness fees; and,

(4) That Plaintiff be granted such legal and equitable relief as the Court may deem just and proper.

BROCKMAN LAW, PLLC

s/Scott F. Brockman
Scott F. Brockman, OBA#19416
10601 S. Western, Suite 117
Oklahoma City, Oklahoma 73170
(405) 703-4429
(405) 703-4499 (fax)
scott@brockmanlawpllc.com
ATTORNEY FOR PLAINTIFF

JURY TRIAL DEMANDED
ATTORNEYS' LIEN CLAIMED